[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14371

_____

D.C. Docket No. 2:11-cv-00327-JES-CM

JOSHUA D. NELSON,

Petitioner - Appellant.

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 19, 2016)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Joshua D. Nelson appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition.  Nelson argues that the trial court erred in admitting out-of-court statements of his co-defendant, Keith Brennan, in violation of his Sixth Amendment right to confront witnesses against him.  After a careful review of the record, consideration of the parties' briefs, and having had the benefit of oral argument, we affirm the district court.

I

The Florida Supreme Court described the facts adduced at trial as follows:

> The evidence presented at trial established the following facts.  Nelson and Keith Brennan wanted to leave the city of Cape Coral.  The two devised a plan to murder Tommy Owens and steal his car.  Nelson and Brennan knew that Owens kept a baseball bat in his car. On the evening of March 10, 1995, Owens was lured under false pretenses to a remote street.  Nelson and Brennan were able to convince Owens to exit his car, whereupon Nelson hit Owens with the bat.  After a number of blows, Owens eventually fell to the ground. Nelson and Brennan tied Owens' legs and arms.  Owens pleaded for his life, stating that the two could take his car.  After a brief discussion, Nelson and Brennan concluded that to avoid being caught, they should kill Owens.  Brennan attempted to slice Owens' throat with a box cutter.  Owens was not unconscious when the attacks began and he begged Nelson to hit him again with the bat so as to knock him unconscious before the stabbing continued.  Nelson did as Owens requested and Brennan continued to attack Owens with the box cutter.  Nelson and Brennan also continued to strike Owens a number of times with the bat.  The two eventually dragged Owens' body to nearby bushes, where Owens later died.

Nelson and Brennan picked up Tina Porth and Misty Porth and the four left the city in Owens' car. After stopping in Daytona Beach, the four left the state and drove to New Jersey. At different times during the trip, Nelson and Brennan informed Tina and Misty that they had murdered Owens. Both Tina and Misty testified at trial.

Nelson and Brennan were apprehended by law enforcement officers in New Jersey. Nelson gave a video- and audio-taped confession. In the confession, Nelson detailed his account of the murder, both at the crime scene and at the place where the bat was recovered. The video-taped confession was played to the jury. Additionally, an analyst for the Florida Department of Law Enforcement testified that blood stains on Nelson's shoes, the box cutter, and a pair of underwear that the box cutter was wrapped in all matched Owens' DNA.

Nelson was found guilty of first-degree murder and robbery with a deadly weapon. At the penalty phase, the jury recommenced [sic] death by a twelve-zero vote. The trial court followed the jury's recommendation and imposed the death penalty for the first-degree murder conviction. The trial court sentenced Nelson to 189 months in prison for the robbery conviction.

*Nelson v. State*, 748 So. 2d 237, 239–40 (Fla. 1999) (per curiam).

On direct appeal, the Florida Supreme Court denied Nelson's claim for relief based on a violation of his Sixth Amendment rights. *See id.* at 243. Nelson filed a timely petition in the United States District Court for the Middle District of Florida seeking the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied relief on all claims, but granted Nelson a certificate of appealability as to the sole issue of whether his Sixth Amendment right to confrontation was violated

3

by the admission of Brennan's out-of-court statements, elicited through Tina and Misty Porth's testimony at trial.  *See Nelson v. Sec'y, Fla. Dep't of Corr.*, No. 11-327, slip op. at 34–35 (M.D. Fla. Aug. 20, 2014).  That appeal is now before us.

## II

If the trial court erred in admitting the Porths' hearsay testimony in violation of Nelson's Sixth Amendment rights, such error was harmless under *Brecht v. Abrahamson*.  *See* 507 U.S. 619, 623, 638, 113 S. Ct. 1710, 1714, 1722 (1993).  In addition to that testimony, the State presented an overwhelming amount of other inculpatory evidence at trial—most notably Nelson's voluntary, video-taped confession in which he, at the site of the crime, described the murder in extensive detail.  Under these circumstances, we do not have "grave doubt about whether [the admission of Brennan's out-of-court statements] had 'substantial and injurious effect or influence in determining the jury's verdict.'"  *See O'Neal v. McAninch*, 513 U.S. 432, 436, 115 S. Ct. 992, 994 (1995); *Brecht*, 507 U.S. at 638, 113 S. Ct. at 1722.  Hence, the district court's denial of habeas corpus is

**AFFIRMED.**